Case number 14-1042. John Ryskamp, Appellant v. Commissioner of Internal Revenue Service. Mr. Barron for the Appellant, Mr. Clark for the Appellant. May it please the Court, Jeremy Barron on behalf of the Court of Guantanamigas. Your Honors, the IRS made three reviewable determinations in Mr. Ryskamp's case. First, the IRS determined that Mr. Ryskamp's hearing request was entirely frivolous. Second, it determined that collection could proceed without a hearing. And third, on remand from the tax court, the IRS issued a notice of determination, which even under the Commissioner's theory of the case, was sufficient to support jurisdiction in the tax court. The presumption of reviewability underscores these conclusions. Under the Commissioner's reading of the statute, the IRS has the unilateral ability to terminate a taxpayer's statutory right to a collection due process hearing. That is just the type of interpretation that the presumption guards against. To begin, the IRS issued a reviewable determination when it determined that Mr. Ryskamp's hearing request was entirely frivolous. Section 6330D1 grants jurisdiction to the tax court to review a determination under this section. That is, a determination under Section 6330. The government's argument that there is only one determination that counts for tax court jurisdiction, a determination after a subsection C3 hearing, is a limitation that is found nowhere in the statute. And indeed, the statute grants jurisdiction to the tax court not just over a notice of determination, but a functional equivalent of a notice of determination. But, Mr. Barron, what about the provision in subsection G, dealing with frivolous requests for a hearing, that provides that notwithstanding any other provision of this section, if the Secretary determines any portion of the request is frivolous, there's going to be no further judicial review. So it sort of seems to be sweeping everything away, including the basis that you point to for review. Subsection G prevents further review of the merits of a portion deemed frivolous if the IRS undergoes a correct prerequisite analysis. First, it has to identify the specific portions of the hearing request that it thinks may be frivolous, and then it must determine whether Clause 1 or Clause 2 of Section 6702B2A applies. If the IRS does not conduct a proper analysis under subsection G, it lacks the authority to make a frivolousness determination and treat that portion as if it were never submitted. The tax court's review only extends to whether the IRS has made a facially plausible frivolousness determination. It does not extend to the merits of the claim if the tax court upholds that frivolousness determination. This is a very limited form of review. All that the tax court is accomplishing is making sure that the IRS has not missed or misconstrued a taxpayer's argument. Indeed, that was the very problem in the Thornberry case. In the Thornberry case, the taxpayers had requested collection alternatives at their collection due process hearing. That was a non-frivolous request, but the IRS decided to ignore the entire hearing request as frivolous anyway. The tax court observed that the IRS must have missed the request for a collection alternative because there was no basis in the IRS's correspondence to support a determination that the request reflected a desire to delay or impede tax administration. Now, your brief points out that we may not even need to reach that question, right, because what happened on the first go-round may be irrelevant at this point, as you say in the reply brief, whether the tax court should have permitted the appeals office to disregard Reiskamp's hearing request in the first instance is now irrelevant to this case because it went back and there was a clear determination? Yes, Your Honor. On remand from the tax court, the IRS issued a notice of determination to Mr. Reiskamp. Under the government's theory of the case, the notice of determination was sufficient to confer jurisdiction in the tax court to review that notice of determination. So whether or not the tax court had jurisdiction in the first instance when the IRS issued its disregard letter is now irrelevant. Once the tax court made a jurisdictional determination and the government declined to challenge that jurisdictional holding, it became law of the case and the IRS was bound to follow the tax court's mandate on remand. When it then issued the notice of determination, even under the government's position, the tax court then had jurisdiction and there is still jurisdiction in front of this court to review the merits of Mr. Reiskamp's appeal. But the tax court also has jurisdiction over other forms of determination that the IRS can render under Section 6330. When the IRS issues a blanket disregard letter to a taxpayer, that is an insufficient frivolousness determination to allow it to invoke its authority under Section 6330G to treat a portion as if it were never submitted. The statute clearly states that the IRS must determine the specific portions of the hearing request that are frivolous and then must make a further finding that either Clause 1 or Clause 2 of 6702b2a applies. That is that the argument appears on the commissioner's published list of frivolous positions or otherwise reflects a desire to delay or impede tax collection. When the IRS simply sends a letter saying we treat your entire hearing request as frivolous without specifying the frivolous portions and explaining the basis for its frivolousness determination, that is an insufficient determination under 6330G to allow it to continue. It's a little bit concerning that what you're asking for is tax court review and potentially this court's review in a pre-collection context. And isn't it the case, well I guess this is my question for you, whether the taxpayer would have any kind of remedy after the fact in challenging the taxes after they've been paid? No, Your Honor, the taxpayer would not. And that's because what's being raised here is the method of payment and is it going to be installment? Does the taxpayer get some kind of partial relief? And those things are going to be moved? Yes, Your Honor, there are three points why a refund proceeding is inadequate. First, the collection due process statute reflects Congress's measured judgment that the imposition of a lien or a levy is extremely disruptive to a taxpayer and is a very harsh decision on the part of the IRS. And the taxpayer should have the chance to convince the IRS not to impose that lien or levy. Second, a refund proceeding is only available if the taxpayer has discharged his entire tax liabilities. So if the IRS levies property but the value of the property is not sufficient to close out that taxpayer's liabilities, the taxpayer will be unable to bring a refund proceeding and will be left with no remedy. And third, if the government's position on subsection G is true, that would potentially hold in the refund proceeding as well. Subsection G says no further administrative or judicial review. If that applies to the frivolousness determinations, it's unclear how the district court or the court of federal claims in a refund proceeding could possibly review that determination. Instead, the better reading of the statute is that subsection G does foreclose further review of the merits of a claim deemed frivolous, but only if the IRS makes the prerequisite determination in a facially plausible manner. So your ruling would require a more granular description by the IRS why a petition is being determined to be frivolous and would open to pre-collection review all such determinations. Your Honor, we're not purporting to micromanage how the IRS conducts its correspondence with taxpayers, but the tax court has to be able to satisfy itself that the IRS has, in fact, given measured consideration to the taxpayer's arguments under G and made a proper frivolousness determination. If the IRS simply rubber stamps a collection due process hearing request as frivolous without indicating on the face of its letter that it has actually considered the arguments in the taxpayer's hearing request, that is an insufficient determination under subsection G. And indeed, the Supreme Court's mock mining case issued on Wednesday speaks to this very point. The form of review that the Supreme Court authorized in that case, as it described it, was very bare bones, but it was essential, the Supreme Court said, to making sure that the EEOC was not making errors. It does not require this court to cast dispersions on the IRS to observe that errors do happen, and especially so when those errors are unreviewable. The form of review we are advocating for is very narrow. The IRS still has substantial discretion to determine that an argument is frivolous. It must merely do enough to convince the tax court that it has not rendered an implausible determination and simply ignored or completely misconstrued a potentially meritorious argument that the taxpayer has made. Would it be enough if they had their list of positions identified as frivolous and then, like, an other line and checked which ones on the list of frivolous arguments that got applied to the particular taxpayer's contentions and then filled in on other or anything else? Yes, Your Honor. That may well be sufficient. And again, we are not purporting to micromanage how the IRS conducts its correspondence, and we are not suggesting that this requirement is going to be burdensome on the IRS. It need not go into extreme detail as to why it considers a particular argument frivolous, but it must do enough to satisfy the tax court that the IRS has considered the argument and has either correctly deemed it one that appears on the Commissioner's published list of frivolous positions or has stated a plausible reason why that argument is intended to delay or impede tax collection. If the IRS does not do that, it has no authority under the statute to treat that portion as if it were never submitted. And this Court's decision in ComStat makes clear that despite a jurisdiction-stripping provision, the Courts retain jurisdiction to ensure that the agencies are acting within the scope of their statutory authority. There is further jurisdiction in this case because- And would this apply, would this kind of review of frivolous determination apply? So would someone be subject to this who had had any kind of hearing, or is this only where you don't get your collection to process hearing? If the IRS does conduct a collection due process hearing, but determines that a number of the arguments in the hearing request are frivolous, then yes, the tax court has jurisdiction to review those frivolousness determinations that it reached during the course of the hearing. But even if this Court does not adopt that position, it is certainly true that the IRS cannot issue a disregard letter where it does not consider any of the taxpayers' arguments and simply says that the entire hearing request is frivolous. Is there any way to distinguish cases in which- I mean, is there any statutory ground for distinguishing cases in which there has been a collection due process hearing and those in which there hasn't, as was the case here? I'm sorry, Your Honor, if you could repeat the question. Well, it just seems like the question about jurisdiction-stripping assumes, I think, and potentially over broadly, that there isn't another encounter in which the claims can be pressed to the IRS and where there has been a collection due process hearing, there has been an opportunity to press the claims. No? Yes, Your Honor, but if the IRS makes an improper frivolousness determination as to a specific argument, the taxpayer lacks a full and fair opportunity to discuss the nature of that claim with the IRS. Instead, the IRS treats that portion as if it were never submitted and does not treat it to any further review. The tax court retains a minor form of oversight to make sure that the IRS is not simply missing an argument and labeling frivolous by mistake or misconstruing the nature of the argument. Again, that was the problem in Thornberry, where the IRS missed a legitimate argument, and on remand from the tax court in Thornberry, the IRS closed out the Thornberry's account as uncollectible for reasons of economic hardship. So the taxpayer in Thornberry actually got relief from the IRS on remand. In addition, in the Schlabach case in the Court of Federal Claims, the IRS misconstrued an argument that a taxpayer had made against the imposition of a 6702B penalty. The taxpayer argued that the appeals officer did not get approval from a supervisor before imposing the penalty as required. The IRS mistakenly thought that was a common type of taxpayer protest or challenge involving signature requirements. As a result, it disregarded that argument, but the Court of Federal Claims observed that that was mistaken and the argument was, in fact, meritorious. I mean, this is very tough. I appreciate your position that, you know, and really I appreciate the IRS's position institutionally, which is that you get a lot of frivolous arguments. But, and therefore I think the natural tendency is to say, oh, I recognize this, and toss it in the no pile. And so what you're asking is for a rule that you think will make them ever so much more careful about that scrutiny. But you're also talking about levels of scrutiny, including judicial review, of a mass of frankly pointless, for the most part, submissions. And it's just, I mean, it's actually quite a tough problem. And it's not a unique problem, but it seems like it's particularly pointed when we're dealing with the tax collection. Yes, Your Honor. But a little bit of oversight goes a long way. This is not going to be a burdensome imposition on the IRS to state a short reason why it believes an argument is frivolous. And it is not going to be a burden on the tax court or this court to see whether the IRS's reason is facially plausible. You say that although the most unreasonable taxpayers are not going to be satisfied with what should be a satisfactory answer. They're going to go to the tax court, and the tax court's going to say, sorry, the IRS has done exactly what it was required to do under Rice Camp, if by hypothesis were you to prevail. And then that's going to go up to our court now, in every case in which you have the most stubborn taxpayers. Yes, Your Honor. I see my time is up, if I can answer the question. Sure. That will be a problem regardless of this court's jurisdictional holding, because taxpayer protesters can continue to try to file appeals even when there is no jurisdiction. There is not an easy way to ensure that taxpayer protesters stop filing frivolous submissions. But what our rule does is it requires a minor level of oversight on the part of the tax court, simply to make sure that the IRS has not completely missed or completely misconstrued an argument. That's an essential form of review to make sure that the IRS isn't conducting the sort of mistakes that it conducted in Thornberry and Shulbach. And indeed, that form of oversight will lead the IRS to make more careful and proper determinations. What if the legislation said that, you know, the Office of Appeals could do exactly what they did? In other words, it said you may just deem that, you know, if you decide the whole thing is frivolous, you may deem it never to have been submitted. Would you still be arguing that there would have to be oversight? No, Your Honor. That statute would likely provide clear and convincing evidence of Congress's intent to foreclose review of frivolousness determinations, although there may be a constitutional issue with the removal of a federal forum for constitutional claims. But there is no clear and convincing evidence in the statute Congress wrote that Congress meant to foreclose review of frivolousness determinations. Indeed, to the contrary, the statute expressly requires the IRS to conduct a prerequisite analysis before it can treat a portion as if it were never submitted. And if the IRS does not conduct that analysis or does so in a facially implausible way, it lacks the authority under 6330G to treat the portion as if it were never submitted. There are no further questions? Thank you. May it please the Court, Thomas Clark on behalf of the United States, the Commissioner. I would like to begin by emphasizing that there is no dispute in this case that the tax courts accord a limited jurisdiction and may exercise only the jurisdiction as conferred upon it by the Internal Revenue Code. The Internal Revenue Code section initially at issue here is subsection D1 of section 6330, which confers upon the tax court jurisdiction in collection due process or CDP cases. It says that a taxpayer may appeal from the determination of the appeals office in a CDP case, and the tax court shall have jurisdiction with respect to the matter. That jurisdiction, and we differ with the amicus as to the scope of the term determination in section D1, but regardless of how broadly you might interpret that word, even if you agree with the amicus's interpretation of the word determination in D1, you still have to confront subsection G, which carves out an exception to the jurisdiction that is bestowed by D1. So G says that if the IRS determines that any portion of a hearing request is frivolous, then that portion shall not be subject to any further administrative or judicial review. I do want to emphasize the word any. This court confronted similar language, or almost identical language, in the Texas Alliance for Home Care Services case and in the Amgen, Inc. case. Both of those cases provided for no judicial or administrative review of specified matters. And in Texas Alliance, the court said that that language unequivocally precludes review of those matters. I think that the court's decisions in Texas Alliance and in Amgen, Inc. really effectively control the outcome in this case, because the statutory language used here is virtually identical. So, yes, there... How do you respond to amicus's contention that that bar on any further administrative review is preconditioned on a correct determination by the secretary that a portion of the request for the hearing is frivolous under subsection 1 or 2 of 6702b2a? Well, I don't think that it is a precondition. Because once that determination is made, then that portion of the hearing request is not subject to any further judicial administrative or judicial review. So if the court is precluded from reviewing any portion of that hearing request, well, then how can you determine whether the preconditional determination was correct? Well, it's... I mean, I guess the way they're reading it, and I'd be interested to know your response, is that you can't review the merits of those determinations, but they're just asking for a very shallow determination on frivolousness or not. So it's a deferential kind of mini-review. And I mean, you see the problem. I was asking your opposing counsel about it. It's concerning, given the way we operate in a high-volume world, to give the IRS a blank check and say whatever you say on frivolousness goes. It just, you know, it's human nature, if you have that kind of unreviewable blank check in a harassing and high-volume workplace, to take less care. And so how can you reassure us that were we to rule for the commission in this case, it wouldn't really be stripping a lot of taxpayers of a critical right to their property? You're right. I agree with you that that is concerning. But, again, I think that this Court's decision in Amgen, Inc. speaks to that. In Amgen, Inc., the Court said when there was no judicial or administrative review, the Court may not inquire whether the challenged agency action is arbitrary, capricious, or procedurally defective. That's an exact quote from Amgen, Inc. And so I think the answer to your question, Your Honor, is that Congress considered the matter, and Congress was willing to accept the possibility that there might on occasion be administrative errors that are going to go uncorrected. But Congress said that, well, we're willing to live with that. And I want to follow this up by saying that for the whole history of our income tax laws up until 1998, there was no pre-hearing remedy available before the IRS serves a levy. In 1931, the Supreme Court, in the Phillips case we cited in our brief, held that the levy procedures established by Congress are constitutional. They pass constitutional muster. And so from then up until 1998, the IRS could just go out and levy, and the taxpayers' remedy was to bring a later refund suit where you can test whether or not he owes the taxes. That a little bit cuts both ways. I mean, they considered that there was a real problem in enacting the legislation in 1998. You know, that was maybe too much power for the government and was causing people unmerged. Exactly. And that's why Congress enacted this additional scope of review within the agency in 1998, but then it quickly determined that the IRS and the courts were being inundated with these. Why did the tax court itself then, do you think, come to the opposite conclusion in the Thornberry? Your Honor, I can only speculate. Obviously, we think that basically. I mean, you were talking about a big burden, huge burden, clear language. You have the tax court, who deals with this all the time. Yes, it does. And I don't know why it came out to that conclusion, but I think it's wrong. I think it's inconsistent with the statute and, you know, inconsistent with the notion of the tax court can exercise only that jurisdiction. Because they've been flooded since Thornberry? I don't have the statistics on how many tax CDP cases go to the tax court. That's one of the concerns here, I think, on your side, put aside the pure legal argument, which I understand, but is that this would open the floodgates to a lot of things, and we should have some indication of that post-Thornberry if that's really happening. Well, I mean, the floodgates were open in 1998, and then Congress attempted to shut the door in 2006. Right, but we would know if they reopened in Thornberry, right? Because since Thornberry, it's been back to the 1998 to 2006 model, right? Well, yeah, I don't have the statistics on that. Okay. It's not in the record. And what about the fact that this case went up and down, and so there was a determination ultimately under your view? Well, ultimately there was a determination, but I see it as a problem, though, that, I mean, if we're correct, if you accept our argument, then the initial order of the tax court remanding the case was void. And, you know, under Rule 60B of the Federal Rules of Civil Procedure, if a judgment is void, I mean, that's it. It has no effect. So I think that any subsequent proceedings would be void as well. But in any case, there's an additional concern as to that, and that is that when the taxpayer here filed the initial hearing request, the IRS under its authority in Subsection G treated it as if it had never been filed. Okay? When the tax court later directs the taxpayer to file a CDP request, which ultimately led to the notice of determination in a tax court subsequent hearing, that was filed far outside the 30-day period. And remember, the taxpayer has to file a CDP request within 30 days of the notice of levy in order to confer jurisdiction and to have the right to a CDP proceeding. So, you know, the CDP request that the taxpayer filed on remand from that first tax court order was filed far outside of that 30-day time period. And in those cases, by the way, the IRS often will grant the taxpayer what they call an equivalent hearing. So the IRS doesn't, even when a late hearing request is filed, they don't just ignore it. They will on occasion grant an equivalent hearing, and after an equivalent hearing, they issue a decision letter. This is all in their regulations under 6330. But that decision letter that they issue in an equivalent hearing is not appealable to the tax court or any other court. Mr. Clark, you rely on Amgen, but it just – I may not be remembering correctly, but isn't the basic determination actually subject to some review? The notion whether the particular kind of biologics rate determination was, in fact, the kind of action that was shielded from review? That's not – Yes, exactly, Your Honor. And that derives from the court's decision in CompSAT back in the 1990s, where that was an FCC case where the court held that, well, yeah, there's no judicial review of that determination, but we can review whether or not this was the type of determination contemplated by the statute. It seems to me that that's therefore more support for the amicus than for your position. All they're saying is review for whether this is the kind of determination that falls within that consider it never to have existed exception of subsection G.  No, no, no. You get the free ride. I think all it means is did the IRS determine that this was frivolous? Yes? That's it. We look no further. It's not subject to any further judicial review, any further. See, I think that the amicus here would rewrite the statute. They would say, well, it's subject to a little bit of review or subject – Subject to review whether, in fact, the commissioner made the determination that gets it on the chute down to no further consideration. Well, but the IRS issued it as – So it's a gatekeeping. It's a gatekeeping jurisdiction rather than a merits review jurisdiction. And as I read the Amgen case, there was kind of a gatekeeping jurisdiction as well. Well, yes, the court wanted to look – I mean, Amgen, I'm thinking that was the case where there was a – Biologics. The anemia treatment. Right. There was a new anemia treatment, and the secretary had the discretion to make equitable adjustments. And the court looked into whether or not the adjustment that was made was the type of equitable adjustment. Okay? And here, the IRS issued a letter to taxpayers saying that, you know, your hearing request is frivolous. And I think that what COPS had to demand, and Amgen, was that frivolous determination the type of determination that the IRS was authorized to make under G? And I think the answer is yes. And if that's the determination the IRS made, then whatever they based that on, whatever the four corners of the request, is not subject to any judicial review, not even a little bit of judicial review to see whether or not it was reasonable. Now, the taxpayer here also raises the prospect of, you know, inconsistency in our interpretation of the statute because Section 6703 says that, you know, if the IRS imposes the $5,000 frivolous penalty under 6702, then under 6703C, the taxpayer may pay 15% of the penalty and then sue the government for a refund, and then the IRS has the burden of proof. So in that proceeding, the IRS had the burden of showing, here's the hearing request, it's frivolous, okay, that the $5,000 penalty stays. And the amicus he said is being inconsistent with our position here, but I don't think it's inconsistent at all. What Subsection G bars is any review of the hearing request in that particular CDP proceeding. So the IRS issues a notice of levy this year to collect your 2010 taxes, and you file a frivolous hearing request. In that proceeding, that hearing request is not subject to any further judicial review. Next year, however, the IRS might send you another notice of levy to try to collect the $5,000 penalty that it assessed this year. Then you could file a new CDP request for that new notice of levy, and in that new proceeding, you might be able to raise the merits of the $5,000 penalty, but that's a different proceeding, and in that proceeding, you challenge the merits of the penalty. The IRS would have the burden of showing that the penalty was justified, just as it would in a later refund suit. So, I mean, this is how we make sense of all these statutes, that in the CDP proceeding that is initially brought by the frivolous request, there's no further judicial review in that proceeding. But if there is a subsequent proceeding in a refund suit or a subsequent notice of intent to levy leading to a new CDP proceeding, well, then the IRS would have the burden of showing that the initial request was frivolous. Just to make sure I understand, are you arguing that the initial jurisdictional defect here couldn't be cured, and so even the order under review is improper? Yes, Your Honor. You know, it's our position that there was no appealable determination in this case that G deprived the tax court of any jurisdiction, and therefore that was it. The tax court should have gone no further. So you're asking us to dismiss for want of jurisdiction? For want of jurisdiction, yes. And there's no form of review whatsoever if, just by hypothesis, and I don't at all mean to be saying that this is the case, but if it were the case that the Commission were overwhelmed and just decided informally among the claims processors, let's just use the frivolousness power for a few months and get ourselves caught up, and they just were erroneously and willy-nilly using it, there really is no place to go for review of that. If the IRS abuses its power and clearly violates its statutory duties, well, maybe a petition for writ of mandamus would be available. But under this statute, which says that there's, you know, precludes any judicial review, the bottom line is our position is the word any means any. And their position is the word if means if. If the Secretary determines X, Y, Z, then there's not any review. And so the question is, does the court have an opportunity to look at whether that precondition to a very broad or a very sort of firm door-closing subject to review? Well, perhaps the court might require the IRS just to make a certification. Yes, I certify by some official in the service that this determination has been made, and our position is that cuts off everything. Are there no further questions? All right. Thank you. Mr. Barron, you have no further time, but we'll give you two minutes. Thank you, Your Honor. I just want to make sure we don't lose sight of the second determination in this case, which was the IRS's decision to proceed to collection without a hearing. There are two statutory criteria that the IRS is supposed to consider in every collection due process hearing. That's the C3A verification that appropriate procedures and laws have been complied with, and the C3C balancing that the imposition of the lien or the levy will balance the IRS's need for efficient tax collection against the taxpayer's concern that collection be no more intrusive than necessary. When a taxpayer submits a written request for a hearing and states grounds, the IRS must consider those two factors in the collection due process hearing. But under the government's interpretation of the statute, if the IRS determines that every portion of a written hearing request is frivolous, it can treat that whole hearing request as if it were never submitted. But that will just cause taxpayers in the future to reference those two statutory criterias in their hearing requests, the C3A verification and the C3C balancing. So the government's rule will not help the IRS because taxpayers just reference those two statutory criteria in their hearing requests and will thereby be able to secure a collection due process hearing. But, of course, a rule that would require a taxpayer to reference statutory considerations that Congress has already directed the commission to consider would make no sense. Indeed, in this case, on the initial remand from the tax court, when the IRS held the collection due process hearing, it did conduct the C3A verification and the C3C balancing, and it rendered a notice of determination so the tax court would have had jurisdiction to at least confirm that the C3A verification and the C3C balancing were appropriately conducted. I'm so sorry. I thought I was with you, and I wish you would do that argument about C3A and C3C, the version for dummies, and just explain how that fits in with the rest of your argument. Yes, Your Honor. Subsection C describes the collection due process hearing, and it states in Subsection 3 that there are two considerations the IRS has to consider at every collection due process hearing. First, the IRS has to obtain a procedural verification that appropriate laws and procedures have been complied with, and that's under C1 and C3A. And this fits together with the frivolousness? How? Because even if the taxpayer's hearing request is entirely frivolous, the IRS is still obligated to conduct the hearing, obtain the AA verification, and conduct the C3C balancing. Under the government's rule, if a hearing request is entirely frivolous, it doesn't state any grounds for hearing. And they don't need to go ahead at all. Right, Your Honor. But that is a flawed rule because it will just force taxpayers to reference those two statutory criteria in their hearing requests. And that will get them around, having the door closed on them under Subsection G? Yes, Your Honor. So if a hearing request is entirely frivolous except that at the very end the hearing request says, I would like the IRS to conduct these two statutory inquiries that it is obligated under the statute to conduct, then under the government's reading of the statute the IRS would be obligated to hold the hearing because the taxpayer would have stated non-frivolous grounds in his written request. What the government is asking is for a rule that would require the taxpayer to reference those statutory criteria in order to get a hearing. But, of course, it makes no sense to require a taxpayer to reference statutory criteria that the agency is already obligated to consider in every single case. Are there no further questions? Thank you. Mr. Barron, you were appointed by the court to represent the appellant in this case, and we thank you for your assistance. Thank you. You're welcome. Thank you, Your Honor. Thank you. Thank you, counsel. The case will be submitted.
judges: Brown, Kavanaugh, Pillard